UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60975-CIV-ZLOCH

KAILARSH MARAJH,

       Plaintiff,

                                          **O R D E R**

vs.

BROADSPIRE SERVICES, INC.,
et al.,

       Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Kailarsh Marajh's Motion To Compel Response To Plaintiff's Discovery (DE 27). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff was employed by Defendant Johnson & Johnson Services, Inc. (hereinafter "Johnson"). Johnson provided insurance benefits to its employees, including Plaintiff, which included a long term disability benefits plan. Plaintiff began experiencing depression and anxiety at work, and was placed on disability leave. He received and exhausted his short term disability benefits, and then received long term disability benefits under his plan. Plaintiff's long term disability benefits were eventually terminated.

    By the instant action, Plaintiff seeks to recover long term disability benefits under the benefits plan. Plaintiff's claim concerns an employee welfare benefit plan and is thus is governed by the Employee Retirement Income Security Act of 1974

(hereinafter, "ERISA").  29 U.S.C. §§ 1001 et seq.

The instant Motion (DE 27) seeks an order from the Court compelling Defendants to respond to certain discovery.  Defendants argue in response (DE 28) that the applicable standard of review, specifically, the arbitrary and capricious standard, renders many or all of the instant discovery requests impermissible.  That is, Defendants argue that the review to be undertaken by the Court would by necessity exclude information sought by Plaintiff's discovery requests.  Defendants thus ask the Court first to determine the standard of review it will apply to Defendant's decision on Plaintiff's claim for benefits and then to rule on the discovery requests accordingly.  In support of their position that the arbitrary and capricious standard of review should be applied, Defendants cite cases from the Eleventh Circuit and numerous district courts.  Following upon the conclusion that arbitrary and capricious review applies, Defendants seek an order denying Plaintiff's discovery requests, and thus discoverable evidence, to the content of the administrative record at the time the benefits decision.

However, Defendants fail to cite to the Court recent and controlling case law in this Circuit on the very issue of the standard of review to be applied.  The Eleventh Circuit has succinctly framed the six-step analysis courts are to apply to denial of benefit cases arising under ERISA. See Doyle v. Liberty Life Assur. Co. of Boston, 511 F.3d 1336, 1340 (11th Cir. Jan. 7, 2008), citing Williams v. Bellsouth Telecommunications, Inc., 373

F.3d 1132, 1138 (11th Cir. 2004).  Under Doyle and Williams, any determination of the standard of review to be applied necessarily implies full consideration of the decision to deny benefits, beginning with a de novo review.  Such a determination is properly made at summary judgment or at trial, not in a discovery motion.  Thus, the Court will address the instant Motion (DE 27) in light of the general principals governing discovery in federal court.

Plaintiff propounded Requests To Produce on or about March 6, 2008, to Johnson and propounded Interrogatories on the same day to Defendants Broadspire Services, Inc. and Reed Group, Ltd.  Several of the discovery requests remain outstanding, as listed in the instant Motion (DE 27).  The Court has reviewed each discovery request that is the subject of the instant Motion and finds that, as a general matter, none violates federal discovery limits contained in the Federal Rules of Civil Procedure.  The Court notes specifically that evidence need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1).  The requests are neither overbroad, nor seek irrelevant information, and they appear calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Therefore, the Court shall grant the instant Motion and compel the production of the discovery sought.  With respect to Interrogatory numbers 5, 6, 8, and 9 propounded to Defendants Broadspire Services, Inc. and Reed Group, Ltd., the respective Defendants shall disclose the requested information limited to the three (3) years preceding the date of the final decision terminating Plaintiff's claim for long term disability

benefits.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Kailarsh Marajh's Motion To Compel Response To Plaintiff's Discovery (DE 27) be and the same is hereby **GRANTED**;

2. By noon on Thursday, July 10, 2008, Defendant Johnson & Johnson Pension Committee shall produce full and complete documentation in its custody or control responsive to the Requests to Produce propounded on or about March 6, 2008, and set forth in the instant Motion;

3. By noon on Thursday, July 10, 2008, Defendants Broadspire Services, Inc. and Reed Group, Ltd. shall provide full and complete answers in response to the Interrogatories propounded on or about March 6, 2008, and set forth in the instant Motion;

4. Defendants Broadspire Services, Inc. and Reed Group, Ltd.'s responses to Interrogatory numbers 5, 6, 8, and 9 shall be limited to the three (3) years preceding the date of the final decision terminating Plaintiff's claim for long term disability benefits;

5. Pursuant to Federal Rule of Civil Procedure 37, by noon on Thursday, July 10, 2008, Defendants shall file with the Clerk of this Court a Memorandum showing good cause for their failure to respond to the discovery requests set forth in the instant Motion, which were propounded on or about March 6, 2008; and

6. Pursuant to Federal Rule of Civil Procedure 37, by noon on Thursday, July 10, 2008, Plaintiff shall file with the Clerk of

this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3.B of the United States District Court for the Southern District of Florida establishing the fees and costs incurred in the preparation and execution of the instant Motion.

     **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___19th___ day of June, 2008.

                                               WILLIAM J. ZLOCH
                                               United States District Judge

Copies furnished:

All Counsel of Record