UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60975-CIV-ZLOCH

KAILARSH MARAJH,

      Plaintiff,

                                    **O R D E R**

vs.

BROADSPIRE SERVICES, INC.,
et al.,

      Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Kailarsh Marajh's Second Motion To Compel Response To Plaintiff's Discovery (DE 35), Defendant Reed Group, Ltd.'s Motion For A Protective Order (DE 60) and Corrected Motion For A Protective Order (DE 61). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    As noted, the instant Motion To Compel (DE 35) is a second motion to compel discovery. Plaintiff's first Motion To Compel (DE 27) was granted by prior Order (DE 40). The same analysis employed therein applies to the resolution of the instant Motion (DE 35).

    The Court has reviewed each discovery request that is the subject of the instant Motion (DE 35) and finds that, as a general matter, none violates federal discovery limits contained in the Federal Rules of Civil Procedure. The Court notes specifically that evidence need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). The requests are neither overbroad, nor seek irrelevant information, and they appear calculated to lead to the

discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(1). Therefore, the Court shall grant the instant Motion and compel the production of the discovery sought.

Defendant Reed Group's instant Motions seek a protective order limiting the use of sensitive business information to this litigation and preventing its use once the same is concluded. The Court finds that Defendant Reed Group is entitled to a protective order limiting the use of its confidential Service Agreement, as stated in its instant Motion (DE 61).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Kailarsh Marajh's Second Motion To Compel Response To Plaintiff's Discovery (DE 35) be and the same is hereby **GRANTED**;

2. By noon on Friday, August 15, 2008, Defendant Johnson & Johnson Pension Committee shall produce full and complete documentation in its custody or control responsive to the Requests to Produce propounded on or about April 2, 2008, and set forth in the instant Motion;

3. By noon on Friday, August 15, 2008, Defendant Johnson & Johnson Pension Committee shall produce full and complete responses to the Interrogatories propounded on or about April 2, 2008, and set forth in the instant Motion;

4. By noon on Friday, August 15, 2008, Defendants Broadspire Services, Inc. and Reed Group, Ltd. shall provide full and complete

documentation in their respective custody or control responsive to the Requests to Produce propounded on or about April 2, 2008, and set forth in the instant Motion;

    5. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Friday, August 15, 2008</u>, Defendants shall file with the Clerk of this Court a Memorandum showing good cause for their failure to respond to the discovery requests set forth in the instant Motion, which were propounded on or about April 2, 2008;

    6. Pursuant to Federal Rule of Civil Procedure 37, by <u>noon</u> on <u>Friday, August 15, 2008</u>, Plaintiff shall file with the Clerk of this Court a Memorandum together with supporting Affidavits and Exhibits consistent with Local Rule 7.3.B of the United States District Court for the Southern District of Florida establishing the fees and costs incurred in the preparation and execution of the instant Motion (DE 35);

    7. Defendant Reed Group, Ltd.'s Corrected Motion For A Protective Order (DE 61) be and the same is hereby **GRANTED**;

    8. Plaintiff's use of Defendant Reed Group, Ltd.'s Service Agreement referenced in the instant Motion (DE 61) shall be limited to litigation of the above-styled cause only;

    9. At the conclusion of this action, Plaintiff shall immediately return any and all copies of the Service Agreement to Defendant Reed Group, Ltd. or its Counsel;

    10. Any use by Plaintiff or its Counsel of the Service Agreement outside the instant action will be grounds for holding

the responsible party in contempt of court; and

    11.   Defendant Reed Group, Ltd.'s Motion For A Protective Order (DE 60) be and the same is hereby **DENIED** as moot.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this \_\_30th\_\_ day of July, 2008.

    _____
    WILLIAM J. ZLOCH
    United States District Judge

Copies furnished:

All Counsel of Record