```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 07-60975-CIV-ZLOCH
```

KAILARSH MARAJH,

      Plaintiff,

                                              **O R D E R**

vs.

BROADSPIRE SERVICES, INC.,
REED GROUP, LTD., JOHNSON &
JOHNSON SERVICES, INC., and
JOHNSON & JOHNSON PENSION
COMMITTEE,

      Defendants.
_____/

      THIS MATTER is before the Court upon Defendants' Motion For Reconsideration (DE 99), Plaintiff Kailarsh Marajh's Motion To Amend (DE 100), and Plaintiff Kailarsh Marajh's Motion To Determine Standard Of Review (DE 101). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

      Plaintiff Kailarsh Marajh initiated the above-styled cause alleging violations of the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA"), 29 U.S.C. §§ 1001 et seq., and a regulation promulgated thereunder. The Parties filed cross motions for summary judgment as to Count I of Plaintiff's Amended Complaint (DE 20), which alleges a wrongful denial of benefits pursuant to § 1132(a)(1)(B). Defendants' Motion (DE 30) also sought summary judgment as to Counts II and III of the Amended Complaint, which allege violations of 29 C.F.R. § 2560.503-1 and 29 U.S.C. §

1132(c), respectively.

Turning first to Plaintiff's instant Motion To Determine Standard Of Review (DE 101), the Court finds as follows.  The Court reviews an adverse benefit determination for compliance with ERISA and its implementing regulations in one of two ways.  If the plan administrator reserved no discretion in its decision making, any decision will be reviewed de novo.  If discretion was reserved, arbitrary and capricious review is employed. Doyle v. Liberty Life Assur. Co. of Boston, 511 F.3d 1336, 1340 (11th Cir. 2008), citing Williams v. Bellsouth Telecommunications, Inc., 373 F.3d 1132, 1138 (11th Cir. 2004) (further citations omitted).

Arbitrary and capricious review is equated with review for abuse of discretion.  Jett v. Blue Cross & Blue Shield of Ala., Inc., 890 F.2d 1137, 1139 (11th Cir. 1989).  The Supreme Court has instructed that, when the standard of review is not de novo but is arbitrary and capricious, whether a conflict of interest exists for the plan administrator is to be taken as a factor in the analysis. See Metropolitan Life Ins. Co. v. Glenn, 544 U.S. ___, 128 S. Ct. 2343, 2350-52 (2008).  That is, the conflict of interest does not change the standard of review, but is taken as one factor among many when employing arbitrary and capricious review. Id. at 2350, (citing Firestone, 489 U.S. at 115).[1]  A benefits decision will be

---

[1] Thus, the Supreme Court has changed the framework previously adopted by the Eleventh Circuit.  Cf. Doyle, 511 F.3d at 1340, citing Williams, 373 F.3d at 1138 (further citations omitted).

2

upheld "[a]s long as a reasonable basis appears for [the] decision . . ., even if there is evidence that would support a contrary decision." Jett, 890 F.2d at 1140.

The disability plan under which Plaintiff was insured (hereinafter "the Plan") afforded Defendants with discretion in reviewing claims. Language in the Plan itself made this discretion evident to Participants. See AdminR/KM at 00645 ("The named fiduciary[, Defendant Johnson & Johnson Pension Committee,] may exercise discretion in making determinations of fact, interpreting the terms of the Plan, adopting rules and taking other actions with respect to which it has authority."); see also id. at 00646 ¶ 10 (reserving to the Pension Committee the authority to "[e]xercise its discretion to determine eligibility for benefits, to construe and interpret the provisions of the Plan and to render conclusive and binding decisions and determinations based thereon").[2] The summary plan description in place for the period preceding April 1, 2006, the time period when the adverse benefit determination was made, also informed participants that discretion was reserved in favor of the Plan Administrator. See AdminR/KM 00537 ("In making determinations under the Plan, the Plan Administrator, has the authority and discretion to interpret the plan and resolve factual

---

[2] The administrative record for Plaintiff's claims file is attached as an Exhibit to Docket Entry 31 in the court file. Based on the method of filing the same via CM/ECF, citations will be made to the Bates stamp numbers found on the lower right corner of the pages: "AdminR/KM [page number]."

3

disputes."). Thus Defendants properly reserved discretion in reviewing claims by Plan participants. Therefore, the standard of review to be employed in this action for the ultimate review of Defendants' decision regarding Plaintiff's disability benefits is arbitrary and capricious review.

The Court now turns to the instant Motions to reconsider and amend its prior Order (DE 97) of summary judgment. Therein, the Court found that a few specific issues of material fact remained that prevented the entry of judgment in this action. Specifically, the Court found that genuine issues remained for trial as to the following questions:

> (1) whether Defendants provided Plaintiff with a copy of the MMPI-2 test administered by Dr. Brown and Plaintiff's answers to the same, as required by 29 C.F.R. § 2560.503-1(m)(8); and (2) whether Defendants failed to provide Plaintiff with the administrative safeguard information as required by 29 C.F.R. § 2560.503-1(h)(2)(iii), -(m)(8)(iii), & -(b)(5).

DE 97, p. 23. In addition, the Court found that genuine issues of material fact surrounded the question of whether Defendants provided Plaintiff all copies of the summary plan descriptions. The reasons for these findings were set forth in the same Order. Id. pp. 13-14, 16-17, 24-26. The Court also found that no question of fact remained and that Plaintiff failed to establish that judgment should not be entered against him on the limited issue of whether Defendants failed to turn over The Medical Disability Advisor, a guide used by ERISA plan administrators. Id. pp. 14-15.

By the instant Motions (DE Nos. 99 & 100), the Parties attempt to show that those rulings should be readdressed by offering evidence not brought before the Court in connection with the Motions For Summary Judgment.  The Court and the Parties are in agreement that this action will be more swiftly concluded if these factual issues can be resolved.

In their instant Motion, Defendants argue that the Court's concentration on the MMPI-2 and the administrative safeguard information is unwarranted because they are not required to be turned over.  The Court declines to address this argument and refers the Parties to its analysis on this matter already stated. DE 97, pp. 13-14, 16-17.  Defendants appear state in their Motion that the MMPI-2 test and Plaintiff's answers thereto were not turned over.  DE 99, p. 4.  They only offer legal arguments on the question of whether they failed to provide Plaintiff with evidence of compliance with their administrative safeguards as required by 29 C.F.R. § 2560.503-1(h)(2)(iii), -(m)(8)(iii).  Finally, they also cite a discovery response purporting to establish that the summary plan descriptions provided to Plaintiff were all that existed, and thus they did not fail to turn any over.  DE 99, Ex. A.

In his instant Motion, Plaintiff offers a discovery response from Defendant Reed Group, Ltd. that it always relies on <u>The Medical Disability Advisor</u> in handling ERISA claims.  DE 100, Ex.

5

A.  He argues that this manual was not turned over to him during the ERISA claims procedure in violation of 29 U.S.C. § 2560.503-1(h)(2)(iii).  Thus, because he received this discovery response from Defendants after the Motions For Summary Judgment were fully briefed, he argues that the Court may consider the same as newly discovered evidence and as a matter of fairness.  Fed. R. Civ. P. 60(b)(2), -(b)(6).

Considering these arguments and the factual questions presented, the Court finds that this action will be aided, to the extent possible, by a stipulation between the Parties to these facts and some further briefing.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. By <u>noon</u> on <u>Tuesday, February 17, 2009</u>, the Parties shall file a joint memorandum with the Clerk of this Court stating that they do or do not stipulate to the following facts:

a. Defendants never turned over to Plaintiff a copy of the MMPI-2 test administered by Dr. Brown or his answers thereto;

b. Defendants have not turned over to Plaintiff, pursuant to 29 C.F.R. § 2560.503-1(h)(2)(iii), any document or other evidence required by 29 C.F.R. § 2560.503-1(m)(8)(iii) that demonstrates their compliance with the administrative safeguards required by 29 C.F.R. § 2560.503-1(b)(5);

c. The summary plan descriptions were updated every four

years;

    d. The summary plan description in effect for 1998 was also in effect for 1999 and 2000;

    e. Defendants turned over all relevant summary plan descriptions;

    f. Defendant Reed Group, Ltd. relied on <u>The Medical Disability Advisor</u> in handling Plaintiff's claim;

    g. Defendants never turned over <u>The Medical Disability Advisor</u> to Plaintiff;

    2. If the Parties are unable to come to a stipulation to the above-stated facts, they shall briefly set forth the reasons for their inability to do so;

    3. If the Parties are able to stipulate to some or all of the above-stated facts, then by <u>noon</u> on <u>Friday, February 27, 2009</u>, the Parties shall each file a memorandum of law on how this impacts the determination of whether Defendants substantially complied with ERISA and the implementing regulations and what effect this has on the Court's review of the adverse benefit determination under Count I of the Amended Complaint (DE 20);

    4. The Parties may file responses thereto by <u>noon</u> on <u>Friday, March 6, 2009</u>;

    5. A reply, if any, shall be due by <u>noon</u> on <u>Tuesday, March 10, 2009</u>;

    6. Plaintiff Kailarsh Marajh's Motion To Determine Standard Of

Review (DE 101) be and the same is hereby **GRANTED;** and

    7. The Court will review Defendants' benefits determination employing arbitrary and capricious review.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___11th___ day of February, 2009.

                                            WILLIAM J. ZLOCH
                                            United States District Judge

Copies furnished:

All Counsel of Record